## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| FERRING PHARMACEUTICALS INC., FERRING INTERNATIONAL CENTER S.A., and FERRING B.V., | ) ) ) ) ) | |
| Plaintiffs, | ) | C.A. No. 17-cv-435-RGA |
| v. | ) ) | |
| TEVA PHARMACEUTICALS USA, INC., | ) ) | |
| Defendant. | ) ) | |

### PLAINTIFFS' MOTION FOR RECONSIDERATION
### OF THE COURT'S AUGUST 24TH ORDER

Pursuant to Local Rule 7.1.5, Plaintiffs Ferring Pharmaceuticals Inc., Ferring International Center S.A., and Ferring B.V. (collectively, "Ferring") respectfully move this Court for reargument of the Court's August 24, 2017 Order (the "Order") (D.I. 30) regarding the protective order in this case (the "Protective Order") (D.I. 29, Ex. A). Specifically, Ferring respectfully requests the following:

1.      The Court modify the Order to accept Ferring's proposed language in paragraph 5 of the Protective Order and reject Defendant Teva Pharmaceuticals USA, Inc.'s ("Teva") proposed language in paragraph 6 of the Protective Order; and

2.      The Court modify the Order to list Mr. Pierre-Jerome Blain in paragraph 13.b of the Protective Order.

For the following reasons, Ferring respectfully submits that these changes are necessary to (1) correct clear misapprehensions of law and fact and (2) to prevent manifest injustice.

## I.      LEGAL STANDARD

Delaware Local Rule 7.1.5 allows a party to move for reargument of an opinion or decision within fourteen days of its entry. (D. Del. LR 7.1.5.) Motions for reargument may be used to correct a clear error of law or fact or to prevent a manifest injustice. (Ex. A [D.I. 111 at 3 in *M2M Solutions LLC v. Sierra Wireless Am., Inc.*, No. 12-30-RGA (D. Del. Jan. 24, 2014)]; *see also Lechliter v. Dept. of Defense*, No. 03-1016-KAJ, 2005 WL 3654213, at *1 (D. Del. Aug. 24, 2004); *In re DaimlerChrysler A.G. Securities Litig.*, 200 F. Supp. 2d 439, 442 (D. Del. 2002) (citing *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)).

## II.      ARGUMENT

### A.      The ANDA documents should not be designated highly confidential

Ferring submits that the Order, which accepts Teva's addition to Paragraph 6 of the Protective Order (regarding the scope of HIGHLY CONFIDENTIAL designations) and rejects Ferring's addition to Paragraph 5 of the Protective Order (regarding the scope of CONFIDENTIAL designations), will cause manifest injustice. First, although Teva implies that the language it proposed adding to paragraph 6 (regarding the scope of HIGHLY CONFIDENTIAL information) only covered FDA and ANDA information (D.I. 29 at 1-2), in reality, it is much broader, and includes not only FDA and ANDA information, but also "draft patent applications, invention disclosure forms, non-public patent filings, confidential research, development, testing and studies relating to drug products, methods, uses or processes" as well as "any research, development, testing analysis and/or studies" used to produce a sodium picosulfate, magnesium oxide, and anyhydrous citric acid containing composition (D.I. 29, Ex. A at ¶ 6). In short, Ferring submits that Teva's addition to paragraph 6 means that virtually every document that will be produced in this litigation will be designated HIGHLY CONFIDENTIAL, rendering multiple tiers superfluous.

Further, Ferring notes that, in the prior litigation involving Prepopik®, the protective order in that case mirrored the language proposed by Ferring here—it specifically included Ferring's proposed language in paragraph 5 regarding CONFIDENTIAL information and limited HIGHLY CONFIDENTIAL information to sensitive financial data. (*See* Ex. B [D.I. 39, ¶¶ 5, 6 in C.A. No. 15-cv-173-RGA].) Based on those definitions, Ferring produced over 100,000 documents (totaling over 860,000 pages) and all but approximately 1,500 of these documents were marked CONFIDENTIAL. The Order will now require Ferring to re-review and re-designate thousands of documents for production in this litigation.

Finally, Ferring submits that this is particularly burdensome and unjust because it is not the relief that Teva sought—Teva sought its designation of HIGHLY CONFIDENTIAL material only to the extent that Mr. Blain was a competitive decision maker and was included in the Protective Order to see CONFIDENTIAL information. (*See, e.g.*, D.I. 29 at 2 ("Defendant has proposed that the definition of Highly Confidential Information include FDA information and ANDA related information, which would allow Mr. Blain to receive Confidential Information without exposing this competitively sensitive information to the risk of inadvertent misuse by a competitive decisionmaker.").)

Accordingly, Ferring respectfully requests that the Court modify the Order to accept Ferring's proposed language in paragraph 5 of the Protective Order (regarding CONFIDENTIAL information) and reject Teva's proposed language in paragraph 6 of the Protective Order (regarding HIGHLY CONFIDENTIAL information). Ferring makes this request independent of whether the Court allows Mr. Blain to receive CONFIDENTIAL information under the Protective Order.

**B.**     **Mr. Blain should be allowed access to CONFIDENTIAL documents, including Teva's FDA and ANDA information**

Ferring submits that reargument regarding Mr. Blain's exclusion from the Protective

Order is proper because: (1) Mr. Blain is not a competitive decision-maker and (2) the Order

deprives Mr. Blain of the information necessary to potentially settle this case and thus is

manifestly unjust.

The Federal Circuit has defined "competitive decisionmaking" as "shorthand for a

counsel's activities, association, and relationship with a client that are such as to involve

counsel's advice and participation in any or all of the client's decisions (pricing, product design,

etc.) made in light of similar or corresponding information about a competitor." *In re Deutsche*

*Bank Trust Co.*, 605 F.3d 1373, 1378 (Fed. Cir. 2010) (quoting *U.S. Steel Corp.*, 730 F.2d 1465,

1468 (Fed. Cir. 1984). *In re Deutsche Bank* specifically dealt with prosecution activities and the

Federal Circuit's definition was meant to "distinguish[] administrative and oversight duties from

activities in which counsel plays a 'significant role in crafting the content of patent applications

or advising clients on the direction to take their portfolios.'" *Xerox Corp. v. Google, Inc.*, 270

F.R.D. 182, 183-84 (D. Del. 2010) (quoting *Deutsche Bank*, 605 F.3d at 1379-80).

Perhaps due the parties' failure to adequately describe the dispute, the Court determined

that it "seems to be accepted that he [Mr. Blain] is a competitive decision-maker." (D.I. 30 at 1.)

This is not the case. First, Ferring notes that it proposed adding the competitive decision making

bar to the Protective Order solely to address Teva's concerns that Mr. Blain may be involved in

competitive decision making—it was not meant to be a concession that Mr. Blain was a

"competitive decision maker" under *In re Deutsche Bank*.

Second, as Teva admits, Ferring has consistently represented that "Mr. Blain has no

involvement in day-to-day prosecution activities" although "he does have supervisory

4

responsibility for *all* intellectual property matters—including both litigation and prosecution." (D.I. 29 at 2.) However, Teva consistently represented to Ferring that this dispute (and presumably Teva's allegations that Mr. Blain was a competitive decision-maker) "have always been [based on] Mr. Blain's involvement in patent prosecution (and plaintiffs' indication—notwithstanding the prosecution bar—that he will continue to be involved in **supervision** of prosecution activities)." (Ex. C [Aug. 15, 2017 Fry email to Attaway] at 1 (emphasis added).) Both the Federal Circuit and courts in this District have recognized that Mr. Blain's oversight of prosecution activities is distinct from a "significant role in crafting the content of patent applications or advising clients on the direction to take their portfolios." *Xerox Corp. v. Google, Inc.*, 270 F.R.D. 182, 183-84 (D. Del. 2010) (quoting *Deutsche Bank*, 605 F.3d at 1379-80).

Third, Ferring submits that the Court's determination that allowing Mr. Blain access "significantly increases" the risk to Teva (because it adds "a competitive decisionmaker")—"without necessarily conferring any benefit" to Ferring is in error. (D.I. 30 at 2.) As explained above, Mr. Blain is not a competitive decision maker. If the Order is not corrected it will be manifestly unjust to Ferring. As the Court noted in the Order, Ferring represented that Mr. Blain "will be the key decision maker in any settlement negotiation in this case." (D.I. 30 at 1.) Indeed, settlement is the only way Mr. Blain would ever use Teva's FDA and ANDA information—an activity that both parties agree is not competitive decision making. (*See* D.I. 29, Ex. A, ¶ 20.) While Mr. Fecker is a "highly-trusted" employee and in-house counsel "who manages patent litigation," and can certainly advise Mr. Blain regarding this litigation, it is ultimately Mr. Blain who will be required to make and defend recommendations to Ferring's Board of Directors regarding this litigation. The Order bars Mr. Blain access to what is arguably the single most

important set of documents in this litigation—Teva's ANDA—and thus hampers his ability to competently perform this function.

Thus, Ferring respectfully requests that the Court modify its Order to allow Mr. Blain access to CONFIDENTIAL documents, including Teva's FDA information and ANDA.

## III.   CONCLUSION

For the reasons set forth above, Ferring respectfully requests the following:

1.     The Court modify the Order to accept Ferring's proposed language in paragraph 5 of the Protective Order and reject Teva's proposed language in paragraph 6 of the Protective Order; and

2.     The Court modify the Order to list Mr. Blain in paragraph 13.b of the Protective Order.

Dated: August 30, 2017

Of Counsel:

John W. Cox
Womble Carlyle Sandridge & Rice, LLP
Atlantic Station
271 17th Street, NW, Suite 2400
Atlanta, GA 30363
Telephone: (404) 872-7000
JWCox@wcsr.com

Respectfully submitted,

*/s/ Mary W. Bourke*
Mary W. Bourke (#2356)
Dana K. Severance (#4869)
Daniel M. Attaway (#5130)
Womble Carlyle Sandridge & Rice, LLP
222 Delaware Avenue, Suite 1501
Wilmington, DE 19801
Telephone: (302) 252-4333
MBourke@wcsr.com
DSeverance@wcsr.com
DAttaway@wcsr.com

*Attorneys for Plaintiffs Ferring Pharmaceuticals Inc., Ferring International Center S.A., and Ferring B.V.*