IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| FERRING PHARMACEUTICALS INC., <br> FERRING INTERNATIONAL CENTER S.A., <br> and FERRING B.V., <br><br> Plaintiffs, <br><br> v. <br><br> TEVA PHARMACEUTICALS USA, INC., <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | C.A. No. 17-435-RGA |

**OPPOSITION TO PLAINTIFFS' MOTION FOR RECONSIDERATION
OF THE COURTS' AUGUST 24TH ORDER**

**I.  LEGAL STANDARD**

This Court treats motions for reargument or reconsideration as motions to alter or amend a judgment under Fed. R. Civ. P. 59(e) if the motion seeks to change the order or judgment issued. *Flash Seats, LLC v. Paciolan, Inc*., No. 07-575-LPS, 2011 WL 4501320, at *1 (D. Del. Sept. 28, 2011), *aff'd*, 469 F. App'x 916 (Fed. Cir. 2012). A 59(e) motion "must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Id*. (citation omitted).

"Motions for reargument shall be sparingly granted." D. Del. LR 7.1.5(a). The decision to grant such motions lies within the discretion of the district court. *Flash Seats*, 2011 WL 4501320, at *2. "Motions for reargument or reconsideration may not be used as a means to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided." *M2M Solutions LLC v. Sierra Wireless Am., Inc*., No.12-30-RGA (D. Del. Jan. 24, 2004) (citation omitted).

## II.      ARGUMENT

### 1.      Ferring Failed to Meet and Confer as Required by This Court's Rules.

Ferring's counsel did not meet and confer with Teva counsel before filing the instant motion. As such, the motion did not include the required D. Del. LR 7.1.1 statement indicating that Ferring had made a reasonable effort to reach agreement with Teva on this matter. Thus, on these grounds alone, the Court may deny Ferring's motion for reconsideration. *See Williams v. Ocwen Loan Servicing, LLC*, No. 14-1096-LPS-CJB, 2015 WL 184024, at *3, n.4 (D. Del. Jan. 13, 2015) (denying plaintiff's motion for expedited discovery because "[i]n light of [d]efendant's representations. . . . the Court is also concerned about whether the meet and confer requirements of Local Rule 7.1.1 were met regarding the motion. . . . [s]uch concern provides another reason militating in favor of denial of the motion"); *Intellectual Ventures I LLC v. AT&T Mobility LLC*, No. 12-193-LPS, 2017 WL 478565, at *6 (D. Del. Jan. 31, 2017) (denying motion for reconsideration regarding judgment of invalidity for plaintiff's "failure to confer with [d]efendants before filing its request as required by D. Del. LR 7.1.1").

### 2.      Ferring Has Presented No Legitimate Grounds for the Court to Reconsider Its Prior Ruling.

Ferring's motion should also be denied as it does not meet the standard for reargument or reconsideration. There has been no intervening change in the controlling law or the availability of new evidence. Indeed, Ferring has not alleged such. So instead, Ferring argues, as it must, that the third and last potential ground for reconsideration is applicable here – specifically, that there is a supposed need to correct a clear error of law or fact or to prevent manifest injustice. But this ground is not present here either, and the motion should be denied.

      a.     *There Is No Clear Error of Law or Fact.*

The Court's Order is based on a correct understanding of the law and facts, and the Court has not misapprehended the law or facts as asserted by Ferring. Ferring argues, though, that Teva implied that its proposed language for Paragraph 6 only covers FDA and ANDA information, when in fact it treats additional material as Highly Confidential Information. D.I. 33 at p. 2. But this argument is factually incorrect.

From the time Teva proposed this language, its definition of Highly Confidential Information included this additional material. Teva plainly stated in the joint letter to the Court, in fact, that its definition of Highly Confidential Information would "<u>include</u> FDA Information and ANDA related information." D.I. 29 at p. 2. (emphasis added). But more importantly, Ferring itself apprised this Court of its view on the scope of Teva's definition as encompassing more, when it stated in the parties' joint letter, ". . . . Teva proposed its current modifications to paragraphs 5 and 6 of the scheduling order, which remove the ANDA and NDA from the list of confidential documents and <u>add a litany of subject matter</u> to the proposed definition of highly confidential materials." D.I. 29 at 4 (emphasis added). Thus, there are no "new" facts on this issue. Instead, Ferring is simply repeating its prior argument. Ferring has identified no clear error in law or fact, as there are none.

Ferring also argues that because the Court has previously entered a protective order in a prior litigation involving Ferring's NDA, Ferring will have to re-designate materials. D.I. 33 at p. 3. Again, these facts are not new – Ferring knew this before submitting the parties' joint letter, and was afforded ample opportunity to present them to the Court. It chose not to, and only now, after failing to persuade the Court of its position, it seeks to have the Court revisit the issue.

Substantively, too, this provides no legitimate basis to modify the Court's Order. Ferring has described nothing more than routine discovery. Discovery in this case, moreover, is in its

infancy. The parties have not even exchanged search terms for electronically stored information, let alone determined their respective document production burdens. The previous matter involved a different party with a different ANDA, and although the parties have agreed that Ferring will produce materials from that prior case, "redesignating" those materials is nothing out of the ordinary nor does it present any significant burden – even if that is something that Ferring may have to do (and given that the scope of what is going to be produced here remains to be seen), this too provides no legitimate basis for the Court to modify its Order.

Ferring has not, and cannot, identify any clear error in law or fact in the Court's Order. For these reasons, the Court should deny Ferring's motion for reconsideration.

      b.     *Ferring Has Not Shown Manifest Injustice.*

Ferring also argues that the Court incorrectly concluded that Mr. Blain is a competitive decision-maker and that Mr. Blain's inability to review FDA and ANDA material to "potentially" settle this case is manifestly unjust. D.I. 33 at p. 4. As with its other arguments, Ferring has presented no new facts in support of this argument. And just as with its other positions, it knew all facts relating to Mr. Blain before it filed the parties' joint letter, and had ample opportunity to present those then. Ferring chose not to do so.

As to the argument itself, Ferring cites to the definition of competitive decisionmakers in the *In re Deutsche Bank* case. *See* D.I. 33 at p. 4. Again, that decision, issued on May 27, 2010, and was cited by Teva in the parties' joint letter (D.I. 29 at p. 2), but Ferring decided then not to argue the position about the case it only now pursues.

So Ferring next argues that there is a dispute as to whether Mr. Blain is a competitive decisionmaker. D.I. 33 at p. 4. On this, though, Teva could not have been clearer in the joint statement: "Based on Mr. Blain's role at Ferring as the Vice President, Global Head of IP, there can be no question that he is involved in competitive decisionmaking." D.I. 29 at 2. Nothing

4

Ferring cites now changes the fact that Ferring failed to present any basis for challenging this assertion in the parties' joint letter. Ferring had the opportunity to present this argument in the parties' joint letter, but failed to do so.

Ferring further claims it is manifestly unjust to prevent Mr. Blain from reviewing FDA and ANDA information as Mr. Blain "will be the key decision maker in any settlement negotiations in this case." D.I. 29 at p. 4. Ferring further states that the parties have agreed that settlement activities are expressly excluded from the parties' definition of competitive decisionmaking in the proposed protective order. *See* D.I. 29, Ex. A at ¶ 20. However, this definition has not changed, and the Court did not clearly err in concluding that, consistent with this definition, Mr. Blain should be barred from reviewing Teva's Highly Confidential Information.

By Ferring's own admission, Mr. Blain can participate in settlement activities, and the Court's decision regarding the protective order does not change that. And Ferring previously argued in the joint letter that Mr. Blain needed access to Teva's ANDA information (*see* D.I. 29 at p. 4). Moreover, as the Court recognized in its Order, the protective order expressly allows one Ferring representative to access Highly Confidential Information, including the Teva ANDA. Thus, Ferring has not and cannot legitimately claim that the protective order is manifestly unjust.

Based on the foregoing, and because Ferring has failed to identify any clear error in law or fact and has not shown any manifest injustice in the Court's August 24, 2017 decision, the Court should deny Ferring's motion for reconsideration.

        Respectfully submitted,

|  |  |
|---|---|
|  | */s/ David M. Fry* |
|  | John W. Shaw (No. 3362) |
|  | Karen E. Keller (No. 4489) |
| OF COUNSEL: | David M. Fry (No. 5486) |
| Gary E. Hood | SHAW KELLER LLP |
| John P. Snow | I.M. Pei Building |
| Mark T. Deming | 1105 North Market Street, 12th Floor |
| Khurram Naik | Wilmington, DE 19801 |
| POLSINELLI PC | (302) 298-0700 |
| 150 North Riverside Plaza, Suite 3000 | jshaw@shawkeller.com |
| Chicago, Illinois 60606 | kkeller@shawkeller.com |
| (312) 819-1900 | dfry@shawkeller.com |
|  | *Attorneys for Defendant Teva* |
| Dated: September 13, 2017 | *  Pharmaceuticals USA, Inc.* |