womblebonddickinson.com



**WOMBLE BOND DICKINSON**

**November 1, 2017**

Womble Bond Dickinson (US) LLP

222 Delaware Avenue
Suite 1501
Wilmington, DE 19801

The Honorable Richard G. Andrews
J. Caleb Boggs Federal Building
844 North King Street, Unit 9—Room 6325
Wilmington, Delaware 19801-3555

t:  302.252.4320
f:  302.252.4330
Mary Webb Bourke
Direct Dial: 302-252-4333
Direct Fax: 302-661-7733
E-mail:Mary.Bourke@wbd-us.com

**Via CM/ECF**

Re:  *Ferring Pharmaceuticals Inc. v.*
      *Teva Pharmaceuticals USA, Inc.*,
      **No. 17-cv-435-RGA**

Dear Judge Andrews:

      We write in response to the Court's October 31, 2017 Oral Order requesting that Plaintiffs respond to Defendant's argument that Plaintiffs did not meet and confer and did not provide a D. Del. LR 7.1.1 statement prior to filing Plaintiffs' Motion for Reconsideration (D.I. 33) ("Motion").

      D.Del. LR 7.1.1 requires that the parties meet and confer regarding the matters set forth in the motion. Plaintiffs have done so. Specifically, Plaintiffs' Motion seeks reconsideration of the Court's Order regarding a dispute over the terms of the protective order. The parties met and conferred several times over the conditions in the protective order regarding the confidentiality designations and Mr. Blain's access under the protective order. These communications were both via email and telephonically. When the parties were unable to reach agreement, they brought the dispute to the Court and the Court ruled in Defendant's favor. Plaintiffs' Motion seeks reconsideration of the same subject matter as the original dispute on which the parties had already met and conferred. Indeed, Plaintiffs notified Defendant of their intent to file their Motion and, at Defendant's request, provided the bases for the Motion.

      The two cases cited by Defendant are distinguishable. First, as Defendant recognizes, *Williams v. Ocwen Loan Servicing, LLC*, No. 14-1096-LPS-CJB, 2015 WL 184024 (D. Del. Jan. 13, 2015) was a motion for expedited discovery, not a motion for reconsideration. Second, contrary to Defendant's statement, the court did not deny the pending motion for reconsideration in *Intellectual Ventures I LLC v. AT&T Mobility LLC*, No. 12-193-LPS, 2017 WL 4786565 (D. Del. Jan. 31, 2017). (*See* D.I. 35 at 2.) In *Intellectual Ventures*, plaintiff filed a motion for reconsideration (Ex. A [Docket Sheet for C.A. No. 12-cv-193] at D.I. 906), then, five days later, filed a letter requesting leave to file an additional motion relying on subsequent authority (*id*. at D.I. 907). *See also Intellectual Ventures*, 2017 WL 478565, at *6. The court concluded that the letter request violated both D.Del. LR 7.1.2 and D.Del. LR 7.1.1 because it was not in the correct

Womble Bond Dickinson (US) LLP is a member of Womble Bond Dickinson (International) Limited, which consists of independent and autonomous law firms providing services in the US, the UK, and elsewhere around the world. Each Womble Bond Dickinson entity is a separate legal entity and is not responsible for the acts or omissions of, nor can bind or obligate, another Womble Bond Dickinson entity. Womble Bond Dickinson (International) Limited does not practice law. Please see www.wombledickinson.com/legal notices for further details.

November 1, 2017
Page 2



form and because plaintiff did not meet and confer with defendant. *Intellectual Ventures*, 2017 WL 478565, at *6. The original motion for reconsideration (Ex. B), which also did not include a statement under D.Del. LR 7.1.1, was briefed but has not yet been decided. (Ex. A at D.I. 909, 919.) This is not a situation where Plaintiffs are relying on new facts or an intervening change in law in seeking reconsideration (i.e., where a further meet and confer would be necessary to address these new facts or law).

      The purpose of D.Del. LR 7.1.1's requirement for a meet and confer is to obviate the need for motion practice. Here the parties were already at an impasse on the basic issues and the motion for reconsideration was simply intended to address a misapprehension of fact by the Court and in order to prevent manifest injustice to the Plaintiffs. While Plaintiffs recognize that they did not submit a Rule 7.1.1 statement with their Motion, Plaintiffs respectfully submit that the requirement should not apply to this unique situation where the parties had already met and conferred with Defendant on the underlying substance of Plaintiffs' Motion. Plaintiffs respectfully request that the Court decide the Motion on the merits.

      Respectfully Submitted,

*/s/ Mary W. Bourke*
Mary W. Bourke (#2356)